UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG WORLD INDUSTRIES, INC., </br></br>Plaintiff, </br></br>v. </br></br>LIBERTY MUTUAL INSURANCE COMPANY, </br></br>Defendant. | Civil Action No. 02-4360-RBS |

**JOINT MOTION TO APPROVE STIPULATION AND ORDER ARISING FROM
PLAINTIFF'S CHAPTER 11 BANKRUPTCY PROCEEDINGS**

Plaintiff Armstrong World Industries, Inc. ("Armstrong") and defendant Liberty Mutual Insurance Company ("Liberty") hereby move the Court to approve the accompanying Stipulation and Order, which already has been approved in Armstrong's Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the District of Delaware and which (a) resolves certain issues concerning the filing of counterclaims by Liberty in the present case and (b) clarifies that issues concerning insurance coverage under certain policies issued by Liberty to Armstrong will be resolved in a nonbankruptcy forum. In support of this motion, Armstrong and Liberty state as follows:

**Summary**

1.      The present case deals with certain insurance coverage disputes between Armstrong and Liberty. In order for Liberty to assert counterclaims against Armstrong in this case, Liberty was required, due to Armstrong's pending bankruptcy case, to seek relief from the automatic stay in the bankruptcy court. The bankruptcy court deferred decision on Liberty's

motion for relief from the stay until a pre-existing alternative dispute resolution ("ADR") proceeding dealing with certain insurance issues had been completed. At the parties' request, this Court placed the present case on the suspense docket, pending resolution by the bankruptcy court of the motion to lift the stay regarding filing of Liberty's counterclaims.

2. The parties have now reached a stipulation that (a) provides that Liberty may file its counterclaims in the present case within 20 days of either (i) final resolution of the ADR proceeding or (ii) notice that the effective date of Armstrong's plan of reorganization has occurred, whichever is later; and (b) clarifies that issues concerning insurance coverage under certain policies issued by Liberty to Armstrong will be resolved in a nonbankruptcy forum.

3. The stipulation is subject to approval by the Bankruptcy Judge and the District Judge presiding in the bankruptcy case and by this Court. The stipulation resolves a number of complex issues between the parties in a manner that will facilitate both the bankruptcy case and the present case. The Bankruptcy Judge and the District Judge in the bankruptcy case have both approved the stipulation. The parties seek, by this motion, approval by this Court of the stipulation, and continuance of this case on the suspense docket.

**Background**

4. Since the 1970s, Armstrong has been named as a defendant in numerous lawsuits seeking damages for asbestos-related bodily injuries. In the 1970s and early 1980s, Liberty issued certain insurance policies (the "Policies") to Armstrong. Armstrong and Liberty have a number of disputes regarding coverage under the Policies for Armstrong's asbestos-related liabilities.

5. In 1996, Armstrong initiated an ADR proceeding against Liberty seeking insurance coverage for asbestos-related bodily injury claims. The ADR has been conducted

pursuant to the terms of the Agreement Concerning Asbestos-Related Claims, commonly known as the "Wellington Agreement." Under the terms of the Wellington Agreement, the ADR is binding with respect to certain disputes and non-binding with respect to other disputes. The non-binding portion of the ADR proceeding was concluded on July 1, 2002. The binding portion of the ADR proceeding is in its appellate phase and is still pending.

6. On December 6, 2000, Armstrong filed a petition for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, thereby initiating its bankruptcy case. *See In re Armstrong World Industries, Inc.*, Case No. 00-4471 (RJN) (Bankr. D. Del.).

7. On July 1, 2002, after conclusion of the non-binding portion of the ADR proceeding, Armstrong filed a Complaint for Declaratory Judgment ("Complaint") against Liberty in this Court, seeking resolution of certain issues not subject to binding resolution in the ADR. On July 5, 2002, Liberty filed its Answer and Affirmative Defenses to Armstrong's Complaint.

8. Shortly after being served with Armstrong's Complaint, Liberty notified Armstrong of its desire to file counterclaims against Armstrong in the present case. Because Armstrong was a Chapter 11 debtor, however, the filing of any such counterclaims without leave of the bankruptcy court would have violated the automatic stay in effect pursuant to 11 U.S.C. § 362. Thus, on July 18, 2002, Liberty filed a motion with the bankruptcy court seeking relief from the automatic stay in order to file its counterclaims in this Court.

9. On August 1, 2002, the bankruptcy court continued the hearing on Liberty's motion to lift the stay until January 24, 2003, pending final adjudication of the ADR appeal. The

ADR appeal remains pending and the bankruptcy court has since continued the hearing on Liberty's motion to lift the stay several times, pending resolution of the ADR appeal.

      10.      On September 16, 2002, Armstrong and Liberty filed a Stipulated Order of Transfer to the Civil Suspense Docket pursuant to which they agreed that this action should be transferred to the civil suspense docket until Liberty's motion for relief from the automatic stay was adjudicated and all rights of appeal had been exhausted. On September 17, 2002, this Court entered the Stipulated Order of Transfer to the Civil Suspense Docket.

### The Stipulation and Order

      11.      On September 4, 2003, Armstrong, Liberty, and the Asbestos Claimants' Committee and Future Claimants' Representative in the bankruptcy case filed the accompanying Stipulation and Order in the bankruptcy court. In the Stipulation and Order, the parties have agreed, *inter alia*, that Liberty consents to the transfer and assignment of certain rights under the Policies to a so-called "Asbestos PI Trust" to be established pursuant to 11 U.S.C. § 524(g) to resolve and pay all pending and future asbestos-related bodily injury claims against Armstrong. *See* Stipulation and Order, ¶¶ 3-4. The Stipulation and Order further provides that claims by Armstrong or the Asbestos PI Trust for coverage under the Policies, and Liberty's coverage defenses, counterclaims, set-off claims or recoupment claims, will not be resolved in the bankruptcy case, but are reserved for litigation in a non-bankruptcy forum. *See id.,* ¶ 2. The Stipulation and Order provides that certain findings by the bankruptcy court will not be binding on Liberty, will not affect coverage rights under the Policies, and/or are not admissible in a non-bankruptcy forum, and that certain matters are reserved for litigation in a non-bankruptcy forum. *See id.*, ¶¶ 2, 5, 9, 10.

12.     The parties to the Stipulation and Order also have agreed that Liberty will have the right to file any counterclaims against Armstrong in this action within 20 days of the later of (i) final resolution of the ADR, or (ii) Liberty's receipt of notice that any reorganization plan approved in the bankruptcy case has become effective.  *See* Stipulation and Order, ¶ 6.  Liberty has agreed that, upon full execution and approval of the Stipulation and Order, Liberty will withdraw its pending motion for relief from the automatic stay as moot.  *See id.,* ¶ 8.

13.     The Stipulation and Order is subject to approval by the Bankruptcy Judge and the District Judge in the bankruptcy case, and by this Court.  Both of the judges in the bankruptcy case already have approved the Stipulation and Order.

## Conclusion

14.     The Stipulation and Order will resolve a number of complex issues relating to Armstrong's bankruptcy case and to the relationship between that case and the present insurance coverage case.  It will facilitate proceedings in both cases, so that they may proceed in an orderly manner.

WHEREFORE, Armstrong and Liberty respectfully request that the Court (1) approve and enter the accompanying Stipulation and Order, and (2) order that this case remain on the suspense docket.

Respectfully submitted,

| ARMSTRONG WORLD INDUSTRIES, INC. | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| By its attorneys, | By its attorneys, |

_____      _____

Howard M. Klein      Edward F. Mannino
Frank Emmerich      Jason A. Snyderman
Conrad O'Brien Gellman & Rohn, P.C.      One Commerce Square
1515 Market Street, Sixteenth Floor      2005 Market Street, Suite 2200
Philadelphia, PA 19102-1916      Philadelphia, PA 19103
(215) 864-9600      (215) 965-1229

   and         and

William P. Skinner      A. Hugh Scott
S. William Livingston      John A. Nadas
Philip E. Dubé      Gregg Shapiro
Covington & Burling      Choate, Hall & Stewart
1201 Pennsylvania Ave., N.W.      53 State Street
Washington, D.C. 20004      Boston, MA 02109
(202) 662-5470      (617) 248-5000

                                                 and

                                        Gerald V. Weigle, Jr.
                                        Dinsmore & Shohl
                                        1900 Chemed Center
                                        255 East Fifth Street
                                        Cincinnati, OH 45202
                                        (513) 977-8251

SO ORDERED

                                                 October ____, 2003

_____
R. Barclay Surrick
United States District Court Judge

3605702