UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re                                              )
                                                   )
                                                   )   Chapter 11
ARMSTRONG WORLD INDUSTRIES, INC.,                  )   Case No. 00-4471 (RJN)
et al.,                                            )
                                                   )   (Jointly Administered)
                Debtors.                           )
                                                   )   Re: Docket No. 5505
                                                   )

AND

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARMSTRONG WORLD INDUSTRIES, INC.,                  )
                                                   )
                Plaintiff,                         )
                                                   )   Civil Action No. 02-4360-RBS
v.                                                 )
                                                   )
LIBERTY MUTUAL INSURANCE COMPANY,                  )
                                                   )
                Defendant.                         )
                                                   )

STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between Armstrong World Industries, Inc., a Pennsylvania corporation, as debtor and debtor-in-possession on its own behalf and on behalf of each of its subsidiaries ("AWI"), Liberty Mutual Insurance Company, an insurance company authorized and doing business under the laws of the Commonwealth of Massachusetts, and its parent, successors, direct and indirect subsidiaries, affiliates and divisions ("Liberty Mutual"), the Future Claimants' Representative and the Asbestos Claimants' Committee (AWI, Liberty Mutual, the Future Claimants' Representative and the Asbestos Claimants' Committee collectively shall be referred to as the "Parties"), as follows:

1. Bold-faced words or phrases used in this Stipulation and Order shall have the meaning specified for such words or phrases in AWI's Fourth Amended Plan of Reorganization and exhibits thereto filed in its Chapter 11 bankruptcy case, Case No. 00-4471 (RJN) (Jointly Administered) (the "Bankruptcy Case"), or any subsequent amended plan and exhibits (collectively, the "Plan").

DC: 947016947242-1

2. Nothing in the Plan or any Confirmation Order entered in the Bankruptcy Case by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or the United States District Court for the District of Delaware (the "District Court") resolves the merits of, including but not limited to, by way of res judicata or collateral estoppel, and the Parties' rights are fully reserved with respect to: (i) any claims for coverage that may be made against Liberty Mutual by AWI, **Reorganized AWI**, the **Asbestos PI Trust** or anyone else claiming rights under any and all policies issued or allegedly issued by Liberty Mutual to AWI (the "Policies") or settlement agreements made with respect to the Policies; or (ii) any coverage defenses, counterclaims, set-off claims or recoupment claims (whether asserted by counterclaim or otherwise) that Liberty Mutual wishes to assert in response to such claims for coverage. Liberty Mutual, AWI, **Reorganized AWI**, and the **Asbestos PI Trust** reserve the right to litigate or arbitrate the merits of such claims, defenses, and counterclaims in an appropriate non-bankruptcy forum.

3. Liberty Mutual consents to the transfer and assignment of the **Asbestos PI Insurance Asset** to the **Asbestos PI Trust** pursuant to sections 10.1(b) and 10.2 of the Plan insofar as the **Asbestos PI Insurance Asset** consists of rights under the Policies or settlement agreements made with respect to the Policies. Liberty Mutual, AWI, **Reorganized AWI** and the **Asbestos PI Trust** reserve the right to litigate, in any non-bankruptcy forum, whether the **Asbestos PI Trust**, as a transferee and assignee of rights under the Policies, takes such rights subject to assuming some or all of the continuing obligations and duties arising under the Policies regarding those rights; provided, however, that the **Asbestos PI Trust** shall not litigate, contest or disavow its assumption of the liabilities described in section 10.2 of the Plan. By this consent to transfer and assignment Liberty Mutual does not give up, and this transfer and assignment shall not affect, any defense to coverage, counterclaim, or other rights that Liberty Mutual has, except for the defense of lack of consent to this transfer and assignment, which defense Liberty Mutual hereby waives. Liberty Mutual retains the right to contest coverage on any and all other grounds. AWI, on its own behalf and on behalf of the **Asbestos PI Trust**, agrees that the merits of Liberty Mutual's position on the question of which obligations under the Policies are assumed by the **Asbestos PI Trust** should be litigated or arbitrated in an appropriate forum other than this Bankruptcy Case.

4. The transfer and assignment of insurance rights pursuant to paragraph 3 of this Stipulation and section 10.1(b) of the Plan, and the assumption by the **Asbestos PI Trust** pursuant to section 10.2 of the Plan of the liability for **Asbestos Personal Injury Claims**, do not vitiate coverage under the Policies for AWI, **Reorganized AWI** or the **Asbestos PI Trust**, but Liberty Mutual reserves the right to deny coverage on any other grounds. Liberty Mutual may not deny coverage to the **Asbestos PI Trust** for any claims on the basis that it insured AWI rather than the **Asbestos PI Trust** or on the basis that the **Asbestos PI Trust** has assumed certain liabilities of AWI. Liberty Mutual may not deny coverage to AWI or **Reorganized AWI** for any claims on the basis that certain rights under the Policies or settlement agreements made with respect to the Policies were transferred to the **Asbestos PI Trust**, except to the extent that (a) the rights of AWI or **Reorganized AWI** with respect to coverage for such claims have been transferred to the **Asbestos PI Trust** pursuant to the Plan, or (b) the **Asbestos PI Trust** has released the rights of AWI or **Reorganized AWI** to coverage for such claims pursuant to authority to provide such releases granted to the **Asbestos PI Trust** in section 1.20

of the Plan.

5. Liberty Mutual will not be bound by any finding by the Bankruptcy Court or District Court that the Plan, including the **Asbestos PI Trust Distribution Procedures**, is fair, equitable, or reasonable; and the issue of whether the Plan, including the **Asbestos PI Trust Distribution Procedures**, is fair, equitable or reasonable for purposes of disputes under the Policies or for purposes of any disputes between (i) Liberty Mutual and (ii) AWI, **Reorganized AWI** or the **Asbestos PI Trust** is reserved for litigation in a non-bankruptcy forum. In the event that the Confirmation Order contains a finding that the Plan, including the **Asbestos PI Trust Distribution Procedures**, is fair, equitable or reasonable, **Reorganized AWI**, and/or the **Asbestos PI Trust** may elect to inform a fact finder in non-bankruptcy litigation that such finding exists, but must also inform the fact finder that: the finding was made solely for purposes of this Bankruptcy Case; by mutual agreement, Liberty Mutual did not and could not participate in those Bankruptcy Case proceedings that generated such finding; by virtue of this Stipulation and Order the finding is not binding on Liberty Mutual for purposes of disputes under the Policies or for purposes of any disputes between (i) Liberty Mutual and (ii) AWI, **Reorganized AWI** or the **Asbestos PI Trust**; and the issue of whether the Plan, including the **Asbestos PI Trust Distribution Procedures**, is fair, equitable or reasonable for purposes of disputes under the Policies or for purposes of any disputes between (i) Liberty Mutual and (ii) AWI, **Reorganized AWI** or the **Asbestos PI Trust** is reserved for determination in the non-bankruptcy litigation in the non-bankruptcy forum. Liberty Mutual reserves the right to contend in the non-bankruptcy litigation in the non-bankruptcy forum, among other things, that there is a question about whether or not the Plan, including the **Asbestos PI Trust Distribution Procedures**, is fair, equitable or reasonable for insurance coverage purposes. AWI, **Reorganized AWI**, and the **Asbestos PI Trust** reserve the right to contend otherwise, including but not limited to the right to contend that the question, including for insurance coverage purposes, is whether the Plan, including the **Asbestos PI Trust Distribution Procedures**, is a reasonable resolution of the liabilities of AWI for **Asbestos Personal Injury Claims**.

6. Without further order of the Bankruptcy Court, Liberty Mutual shall have the right to file any counterclaims that it may have in the lawsuit currently pending in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania District Court") under the name Armstrong World Industries, Inc. v. Liberty Mutual Insurance Company, Civil Action No. 02-4360, within 20 days of the later of: a decision not subject to further ADR appeal or ADR rehearing or ADR trial proceedings in the Wellington Alternative Dispute Resolution Proceeding that commenced in 1996 to which AWI and Liberty Mutual are parties or the receipt of notice from **Reorganized AWI** that the **Effective Date** of the Plan has occurred. Neither AWI, **Reorganized AWI** nor the **Asbestos PI Trust** may argue, and the Pennsylvania District Court shall not find, that Liberty Mutual did not have the right to do so because it did not comply with any of the time limits for filing pleadings that are set forth in Rules 12, 13 or 15 of the Federal Rules of Civil Procedure. **Reorganized AWI** and the **Asbestos PI Trust** reserve the right to oppose all or any portion of such counterclaims on any and all other grounds.

7. The Parties agree not to modify or alter the Plan in a manner that diminishes or

3

impairs Liberty Mutual's rights under this Stipulation and Order and/or the Policies. In the event that any of the Parties takes such action, Liberty Mutual shall have the right to object to such action. No change or modification of the Plan shall alter the rights of the Parties under this Stipulation and Order. Notwithstanding the foregoing, in the event that section 1.20 of the Plan is amended to prevent the **Asbestos PI Trust** from giving a release of the rights of AWI and **Reorganized AWI** to coverage for property damage **Claims**, Liberty Mutual shall not object.

8. Upon execution of this Stipulation and Order by the Parties, the Bankruptcy Court, the District Court and the Pennsylvania District Court, Liberty Mutual shall promptly withdraw its Preliminary Statement of Fact Issues Relating to Plan Objections and Confirmation. Liberty Mutual shall also withdraw its Motion for Relief from Automatic Stay pending before the Bankruptcy Court as moot and its pending discovery requests in the Bankruptcy Court, and agrees not to conduct discovery in the Bankruptcy Case relating to confirmation of the Plan. Liberty Mutual also agrees that it will not file any briefs in the Bankruptcy Case related to confirmation of the Plan, will not present any evidence or otherwise participate in the confirmation hearing and will not appeal the Confirmation Order. Notwithstanding this paragraph, Liberty Mutual may take any action it deems appropriate if the Plan is amended or modified in a manner which, or one or more of the Parties takes other action which, diminishes or impairs Liberty Mutual's rights under this Stipulation and Order and/or the Policies, provided that such action by Liberty Mutual shall relate only to the actions which diminish or impair its rights under the Stipulation and Order and/or the Policies. Notwithstanding this paragraph, Liberty Mutual reserves the right to take such action it deems appropriate in connection with any dispute between AWI and ACandS that may affect Liberty Mutual's rights, provided that such action by Liberty Mutual shall relate only to such disputes between AWI and ACandS.

9. The Parties agree that they do not presently intend to seek any estimation of **Asbestos Personal Injury Claims** in the Bankruptcy Case and will not do so unless necessary for confirmation of the Plan. In the event that in this Bankruptcy Case an estimate is made of the amount of AWI's liability for **Asbestos Personal Injury Claims**, Liberty Mutual will not conduct any discovery in the Bankruptcy Case on such estimation, nor shall Liberty Mutual present any evidence or otherwise participate in any hearings or briefing in the Bankruptcy Case relating to such estimation (or voluntarily provide any information, assistance or cooperation or briefing to anyone that is disputing that issue with AWI). Any such estimation in the Bankruptcy Case, and any ruling in the Bankruptcy Case concerning whether or not such estimated amount establishes a liability of AWI that is immediately due and owing, shall not be binding on Liberty Mutual, shall have no effect on rights to coverage under the Policies and shall have no bearing on any rights between the Parties. The Parties agree that the results of any such estimation, and any such ruling in the Bankruptcy Case shall not be referred to, disclosed, presented for admission into evidence, or used in any manner in any non-bankruptcy forum insofar as disputes between (i) Liberty Mutual and (ii) AWI, **Reorganized AWI** or the **Asbestos PI Trust** are concerned.

10. Liberty Mutual's right to assert that the Confirmation Order does not establish a liability of AWI that is immediately due and owing and its right to assert the effect of any such

4

liability on any obligations under the Policies are fully reserved for litigation in the non-bankruptcy litigation in a non-bankruptcy forum. The rights of AWI, **Reorganized AWI** and the **Asbestos PI Trust** to assert that the Confirmation Order does establish a liability of AWI that is immediately due and owing and their right to assert the effect of any such liability on any obligation under the Policies are fully reserved for litigation in the non-bankruptcy litigation in a non-bankruptcy forum. By such reservation, Liberty Mutual will not contest that section 10.1 of the Plan imposes obligations upon AWI and **Reorganized AWI** to transfer assets to the **Asbestos PI Trust.**

11. In the event of an inconsistency between the Plan, the Confirmation Order and this Stipulation and Order, this Stipulation and Order will control insofar as disputes relating to insurance coverage under the Policies or settlement agreements made with respect to the Policies are concerned.

12. This Stipulation and Order shall be binding upon the Parties and their respective successors and assigns, including the **Asbestos PI Trust** and the **Asbestos PI Trustees**, and any trustee appointed in the Bankruptcy Case or any subsequent Chapter 7 case.

13. This Stipulation and Order is subject to approval by the Bankruptcy Court, the District Court, and by the Pennsylvania District Court and will be referenced in and become part of the Confirmation Order as ultimately approved in the Bankruptcy Case.

Agreed as of the 29 day of _August_, 2003:

Armstrong World Industries, Inc., a
Pennsylvania corporation, on its own behalf
and on behalf of all Debtors and subsidiaries

By: _[signature]_
Name: KENNETH L. JACOBS
Title: DEPUTY GENERAL COUNSEL - LITIGATION
Facsimile Nos. for Notice (717) 396-6121

Armstrong World Industries, Inc.

By: _William P. Skinner_
Name: William P. Skinner
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
Co-Counsel
Facsimile Nos. for Notice (202) 778-5470

Asbestos Claimants' Committee

By: *Aileen F. Maguire* (signature)

Name: Aileen F. Maguire

Title: Campbell & Levine
DE counsel

Facsimile Nos. for Notice – 302-426-9947

Future Claimants' Representative

By: *Andrew Kress* (signature)

Name: ANDREW KRESS

Title: Kaye Scholer LLP

Facsimile Nos. for Notice  212-836-6728

Liberty Mutual Insurance Company

By: *Cynthia R. Koehler* (signature)

Name: Cynthia R. Koehler

Title: Vice President, Assistant General Counsel

Facsimile Nos. for Notice
617-574-5974

Liberty Mutual Insurance Company

By: *Robert B. Millner* (signature)
Name: Robert B. Millner
    Sonnenschein Nath & Rosenthal LLP
    8000 Sears Tower
    Chicago, IL 60606
    Co-Counsel
Facsimile Nos. for Notice (312) 876-7934

and

By: *(signature)*
Name: Stanley J. Samorajczyk
    Akin, Gump, Strauss,
      Hauer & Feld, L.L.P.
    1333 New Hampshire Ave., N.W.
    Washington, DC  20306
    Co-Counsel
Facsimile Nos. for Notice (202) 887-4288

and

By: *(signature)*
Name: A. Hugh Scott
    Choate, Hall & Stewart
    53 State Street
    Boston, MA  02109
    Co-Counsel
Facsimile Nos. for Notice (617) 248-4000

6

SO ORDERED:

*[signature]*

Honorable Randall J. Newsome
United States Bankruptcy Judge
Case No. 00-4471 (RJN)

*[signature]*

Honorable Alfred M. Wolin
United States District Judge
Case No. 00-4471

_____

Honorable R. Barclay Surrick
United States District Judge
Case No. 02-4360-RBS

7