IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Armstrong World Industries, Inc.<br>  2500 Columbia Avenue<br>  Lancaster, PA 17603, | ) ) ) ) ) | |
|     Plaintiff, | ) ) | Civil Action No. 02-CV-4360 |
| v. | ) ) | |
| Liberty Mutual Insurance Company,<br>  175 Berkeley Street<br>  Boston, MA 02116 | ) ) ) ) | |
|     Defendant. | ) ) ) | |

## PROPOSED ORDER

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Armstrong World

Industries, Inc. is hereby given leave of Court to file the First Amended Complaint that is

Attachment A to its motion dated February 20, 2004.

**SO ORDERED,**

_____
R. Barclay Surrick
United States District Court Judge

Date:

DC: 1228390-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Armstrong World Industries, Inc.          )
  2500 Columbia Avenue             )
  Lancaster, PA 17603;             )
                                 )
    Plaintiff,                   )          Civil Action No. 02-CV-4360
                                   )
v.                                        )
                                   )
Liberty Mutual Insurance Company,         )
  175 Berkeley Street                )
  Boston, MA 02116                   )
                                   )
    Defendant.                   )

## MOTION OF ARMSTRONG WORLD INDUSTRIES, INC. FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Armstrong World Industries, Inc. ("Armstrong") moves that this Court allow Armstrong to file the First Amended Complaint that is Attachment A to this motion. The amendment to the complaint has been made necessary by an Appellate Arbitration Award that became final on January 20, 2004 and that is the subject of a motion to vacate that is pending in this Court in *Armstrong World Industries, Inc. v. Liberty Mutual Ins. Co.,* No. 04-CV-499 (E.D. Pa.).

DC: 1227894-1

This motion is accompanied by a supporting memorandum and a proposed form of order.  Armstrong respectfully requests oral argument on this motion.

Respectfully submitted,

Howard M. Klein
Frank R. Emmerich Jr.
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, Sixteenth Floor
Philadelphia, PA 19102-1916
215-864-9600

William P. Skinner
S. William Livingston
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
202-662-5470

February 20, 2004

## CERTIFICATE OF SERVICE

I, Frank R. Emmerich Jr., Esquire, do hereby certify that service of a true and correct copy of the foregoing Motion of Armstrong World Industries, Inc. for Leave to File a First Amended Complaint was sent in the manner indicated to the following:

**VIA HAND DELIVERY**

     Edward F. Mannino, Esquire
     Jason A. Snyderman, Esquire
     Akin, Gump, Strauss, Hauer & Feld, L.L.P.
     One Commerce Square, Suite 2200
     2005 Market Street
     Philadelphia, PA 19103-7086

**VIA OVERNIGHT DELIVERY**

     A. Hugh Scott, Esquire
     John A. Nadas, Esquire
     Choate, Hall & Stewart
     53 State Street
     Boston, MA 02109

            Frank R. Emmerich Jr.

Date:   February 20, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Armstrong World Industries, Inc.<br>  2500 Columbia Avenue<br>  Lancaster, PA 17603,<br><br>        Plaintiff,<br><br>v.<br><br>Liberty Mutual Insurance Company,<br>  175 Berkeley Street<br>  Boston, MA 02116<br><br>        Defendant. | Civil Action No. 02-CV-4360 |

## MEMORANDUM OF ARMSTRONG WORLD INDUSTRIES, INC.
## IN SUPPORT OF MOTION FOR LEAVE TO FILE A
## FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Armstrong World Industries, Inc. ("Armstrong") moves that this Court allow Armstrong to file the First Amended Complaint that is Attachment A to its motion. The amendment to the complaint has been made necessary by an Appellate Arbitration Award that became final on January 20, 2004 and that is the subject of a motion to vacate that is pending in this Court in *Armstrong World Industries, Inc. v. Liberty Mutual Ins. Co.,* No. 04-CV-499 (E.D. Pa.).

### BACKGROUND

In its original complaint in this action, Armstrong sought a declaratory judgment with respect to certain issues relating to its rights to insurance coverage for asbestos-related bodily injury claims under insurance policies that were issued to Armstrong by Liberty Mutual Insurance Company ("Liberty Mutual") for the period from January 1, 1977 to January 1, 1982.

- 2 -

Specifically, Armstrong sought rulings with respect to certain issues that were not resolved

during the trial phase of an arbitration that Armstrong commenced in 1996 against Liberty

Mutual under the Wellington Agreement (the "Non-Products ADR").[1]

        For example, Armstrong sought rulings with respect to certain reformation issues

that the parties had agreed were not subject to binding arbitration under the Wellington

Agreement.  *See* Paragraphs 30-31, and Count I of the Original Complaint.  Armstrong also

sought rulings with respect to other issues that Liberty Mutual had raised during the course of the

Non-Products ADR but for which it had not sought any rulings in that arbitration.  Armstrong

takes the position that Liberty Mutual has waived the right to arbitrate such issues under the

Wellington Agreement, and that arbitration of such issues would be futile because Liberty

Mutual has taken the position that arbitration with respect to such issues would be non-binding.

*See* Paragraph 32, and Counts II-V of the Original Complaint.  Armstrong made clear that it was

not seeking any rulings in this case with respect to any of the issues that had been addressed in

the Final Judgment that was issued on January 29, 2002 at the conclusion of the trial phase of the

Non-Products ADR ("Final Judgment").[2]  *See* Paragraph 29 of Original Complaint.

        On July 30, 2003, the Appellate Arbitrators issued an Appellate Arbitration

Award that held that Armstrong's claims for additional coverage for asbestos-related bodily

---

[1]  A copy of the Wellington Agreement has been submitted to the Court as Plaintiff's Exhibit 1 (PX 1) in
connection with Armstrong's motion to vacate the Appellate Arbitration Award.  A copy of Armstrong's
1996 arbitration demand is PX 50 in support of that motion.  Rather than submit duplicates of these
papers to the Court in support of this motion, Armstrong incorporates by reference the Declaration of
William P. Skinner and the six volumes of exhibits that were submitted in connection with its Motion to
Vacate the Appellate Arbitration Award in *Armstrong World Industries, Inc. v. Liberty Mutual Ins. Co.,*
No. 04-CV-499 (E.D. Pa.).  Those are the exhibits that are referred to in this memorandum.  If the Court
prefers, Armstrong will submit an extra copy of the materials for inclusion in the record of this case.

[2]  Plaintiff's Exhibits 3-4.

- 3 -

injury claims under insurance policies that Liberty Mutual issued for the period from January 1, 1973 to January 1, 1977 are barred by the Pennsylvania statute of limitations. (PX 5)  That Award did not reach the merits of any of the other rulings in the Final Judgment from which Liberty Mutual had appealed.  Armstrong filed an application for rehearing in accordance with the arbitration rules of the Wellington Agreement (PX 7-8) that was denied in an order issued by the Appellate Arbitrators on January 20, 2004 (PX 6).  On February 4, 2004, Armstrong filed a motion in this Court to vacate the Appellate Arbitration Award on grounds that the Appellate Arbitrators had exceeded their powers and manifestly disregarded applicable law in *Armstrong World Industries, Inc. v. Liberty Mutual Ins. Co.*, No. 04-CV-499 (E.D. Pa.).  Armstrong believes that this Court should vacate the Appellate Arbitration Award for the reasons set forth in that motion.

If the Court does not vacate the Appellate Arbitration Award, however, it will be necessary to re-litigate in this case many of the issues that were resolved in Armstrong's favor in the Final Judgment in order to resolve Armstrong's claims for coverage under the Liberty Mutual policies that were issued for the period from January 1, 1977 to January 1, 1982.[3]  *See* PX 3-4 and PX 10.  As a precautionary measure, Armstrong is requesting permission to amend its complaint to include those issues.  *See* Count VI of Amended Complaint.  Armstrong also seeks to amend its complaint to include a claim for breach of contract and compensatory damages in addition to its prior requests for declaratory relief.  *See* Count VII of Amended Complaint.

---

[3]  As the parties devoted more than five years of work and more than $20 million collectively in expense to obtain the Final Judgment (DWPS, ¶ 2), Armstrong hopes that it will not be necessary to re-litigate all of those issues in this case.  That is one reason why Armstrong has moved that this Court vacate the Appellate Arbitration Award and confirm the Final Judgment.

- 4 -

Allowing Armstrong to amend its complaint is in the interests of justice because it will enable this Court to resolve in this action, to the extent that it becomes necessary to do so, the merits of all of Armstrong's claims for coverage for asbestos-related bodily injury claims under the Liberty Mutual policies that were issued for the period from January 1, 1977 to January 1, 1982. Liberty Mutual will not be prejudiced by the amendment. At the request of both parties, this case was placed on the suspense docket in September 2002 pending resolution of certain issues in Armstrong's pending chapter 11 case. On October 10, 2003, this Court approved a stipulation and order that extends the time for Liberty Mutual to file counterclaims in this action until the later of 20 days after a final decision that is not subject to further appeal in the Non-Products ADR or the receipt of notice from Armstrong that its plan of reorganization has become effective.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed in a case "a party may amend the party's pleading only by leave of court or with the consent of the adverse party; and leave shall be freely given when justice so requires." The United States Court of Appeals for the Third Circuit has held that a district court "may deny leave to amend only if a plaintiff's delay is undue, motivated by bad faith, or prejudicial to the opposing party. The court may also refuse to allow an amendment that fails to state a cause of action." *Adams v. Gould, Inc.* 739 F.2d 858, 864 (3d Cir. 1984)(citations omitted); *accord Foman v. Davis,* 371 U.S. 178, 182 (1962); *Krantz v. Prudential Investment Fund Management LLC,* 305 F.3d 140, 144 (3d Cir. 2002); *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413-14 (3d Cir. 1993); *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 613 (3d Cir. 1987).

- 5 -

In this case, there is no delay because Armstrong is seeking leave to amend its complaint promptly after the Appellate Arbitration Award became final on January 20, 2004, and before its motion to vacate that award has been resolved by this Court. There is no prejudice to Liberty Mutual because, with the consent of the parties, this case has been placed on the suspense docket pending completion of the Non-Products ADR and Armstrong's chapter 11 proceedings. There is also no question that Armstrong's amended complaint states a cause of action against Liberty Mutual for declaratory relief and damages under the insurance policies that were issued for the period from January 1, 1977 to January 1, 1982. The interests of justice require that this Court resolve the merits of Armstrong's claims in this action.

## CONCLUSION

For the foregoing reasons, Armstrong respectfully submits that the Court should grant its motion for leave to file a First Amended Complaint. A proposed form of order accompanies this motion.

Respectfully submitted,

William P. Skinner
S. William Livingston
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
202-662-5470

Howard M. Klein
Frank R. Emmerich Jr.
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, Sixteenth Floor
Philadelphia, PA 19102-1916
215-864-9600

February 20, 2004