UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG WORLD INDUSTRIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIBERTY MUTUAL INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Civil Action No. 02-4360 <br><br> Jury Trial Demanded |

## FIRST AMENDED ANSWER AND JURY DEMAND
## OF LIBERTY MUTUAL INSURANCE COMPANY

Liberty Mutual Insurance Company ("Liberty Mutual") for its Answer to the First Amended Complaint for Declaratory Judgment and Damages of Armstrong World Industries, Inc. ("Armstrong") states as follows:

1. This paragraph does not contain allegations of fact against Liberty Mutual and therefore requires no response.

2-3. Liberty Mutual admits the allegations in these paragraphs.

4-5. These paragraphs state legal conclusions, to which no response is required.

6. Liberty Mutual admits the allegations in this paragraph.

7. This paragraph states a legal conclusion, to which no response is required.

8. Liberty Mutual admits the allegations in the first sentence of this paragraph, but denies the allegations in the second and third sentences of the paragraph.

9. Liberty Mutual admits the allegations in this paragraph.

1

10. Liberty Mutual admits that it sold Armstrong primary comprehensive general liability policies with policy periods for the calendar years 1973 through 1981 and that both Armstrong and Liberty Mutual have copies of these policies. Liberty Mutual states that the language of the policies describes the coverage they provide and denies Armstrong's description of the coverage.

11. Liberty Mutual admits the allegations in this paragraph, except that it denies the characterization "continuous" in the first sentence.

12. Liberty Mutual admits the allegations in the first and second sentences of this paragraph. Regarding the last sentence of the paragraph, Liberty Mutual states that the Wellington Agreement is a written document that speaks for itself as to its scope and the issues it resolves.

13. Liberty Mutual admits the allegations in this paragraph, except that it denies that the referenced case "finally" resolved any issues except those expressly adjudicated therein.

14. Liberty Mutual admits the allegations in the first sentence of this paragraph. Insofar as the remainder of this paragraph states legal conclusions about the effect of the policies, no response is required. Insofar as the remainder of this paragraph states factual characterizations about the policies, Liberty Mutual denies those allegations.

15. Liberty Mutual admits so much of the allegations in this paragraph as states that each of the Liberty Mutual policies issued to Armstrong for the period from 1977 through 1981 contains a per person deductible for asbestos-related bodily injury claims, and denies the allegations in the remainder of this paragraph.

16-17. Liberty Mutual states that the policies referred to therein are written documents that speak for themselves as to the language they contain. To the extent that these paragraphs

state legal conclusions about the effect of any of the provisions of the policies, no response is required.

18-19. Liberty Mutual states that the policies referred to therein are written documents that speak for themselves as to the hazard definitions they contain. Liberty Mutual denies that these paragraphs fully and accurately transcribe language from the policies' hazard definitions.

20. Liberty Mutual admits the allegations in this paragraph, except that it denies that completed operations hazard claims are "products claims."

21. Liberty Mutual denies the allegations in this paragraph.

22-23. Liberty Mutual states that the Wellington Agreement is a written document and that the Agreement and Sections XVI and XVII thereof speak for themselves as to the language they contain. Liberty Mutual denies that the paragraphs fully and accurately transcribe language from these Wellington Agreement provisions. To the extent that these paragraphs state legal conclusions about the effect of any of the provisions of the Wellington Agreement, no response is required.

24. Liberty Mutual admits the allegations in the first two sentences of this paragraph, but denies the allegations in the last sentence of the paragraph.

25. Liberty Mutual admits the allegations in this paragraph only with respect to the 1977-1981 policies. Liberty Mutual denies the continued existence of the referenced dispute under the 1973-1976 policies, because the Appellate Arbitration Award referenced in Paragraph 31 below finally resolved that dispute in favor of Liberty Mutual.

26. Liberty Mutual denies the allegations in this paragraph. Liberty Mutual states further, however, that Section VIII.6 of the Wellington Agreement provides that "Subscribing Producers and Subscribing Insurers shall resolve through alternative dispute resolution, in the

manner set forth in Appendix C hereto, any disputed issues within the scope of the Agreement and the Appendices hereto."

27. Liberty Mutual admits the allegations in the first sentence of this paragraph, but denies the allegations in the last sentence of the paragraph.

28. Liberty Mutual admits the allegations in the first sentence of this paragraph, but denies the allegations in the last sentence of the paragraph.

29. Liberty Mutual admits the allegations in the first sentence of this paragraph insofar as they pertain to the 1973-1976 policies, but denies them with respect to the 1977-1981 policies. Liberty Mutual denies the allegations in the last sentence of the paragraph.

30-31. Liberty Mutual admits the allegations in these paragraphs.

32. This paragraph does not contain allegations of fact against Liberty Mutual and therefore requires no response.

33. The first sentence of this paragraph does not contain allegations of fact against Liberty Mutual and therefore does not require a response. The last sentence of the paragraph contains allegations of law and therefore does not require a response. In any event, Liberty Mutual denies that the Final Judgment properly declares any rights under the 1977-1981 policies.

34. This paragraph contains allegations of law and does not contain allegations of fact against Liberty Mutual, and therefore requires no response.

35. Liberty Mutual admits that, during the ADR proceeding, Liberty Mutual asserted that the deductible endorsements in the 1977 through 1981 policies, including the deductibles and aggregate limits, should be reformed on account of mutual mistake to reflect the parties' understanding and intent that those endorsements would apply to all asbestos bodily injury claims against Armstrong. Liberty Mutual otherwise denies the allegations in this paragraph.

36. Liberty Mutual admits the allegations in this paragraph, except for the last sentence, which does not contain allegations of fact against Liberty Mutual and therefore requires no response.

37. Liberty Mutual admits the allegations in the first sentence of this paragraph, and states further that, while the ADR was pending, Armstrong, too, raised other disputed issues with respect to coverage for products and non-products claims under the 1977-1981 polices. Liberty Mutual admits the allegations in the second sentence of the paragraph, except states that, while the ADR was pending, Liberty Mutual initiated a separate ADR, which remains pending, concerning the issue identified in Count III. The third sentence of the paragraph does not contain allegations of fact against Liberty Mutual and therefore requires no response. Liberty Mutual denies the remainder of the paragraph.

## Count I – Liberty Mutual's Reformation Claims

38. Liberty Mutual incorporates its responses to Paragraphs 1 through 37 by reference.

39. Liberty Mutual admits the allegations in this paragraph.

40-41. Liberty Mutual denies the allegations in these paragraphs.

42-44. Insofar as these paragraphs state legal conclusions, no response by Liberty Mutual is required. Insofar as these paragraphs make factual allegations, Liberty Mutual denies them, except to state that the Wellington Agreement speaks for itself as to what language it contains.

45. Liberty Mutual admits that a document was executed by its authorized representative on July 9, 1985. Liberty denies the characterization of the document in this paragraph and states that the document speaks for itself.

46-47. To the extent that these paragraphs state legal conclusions, no response is required. Liberty Mutual otherwise denies the allegations in these paragraphs.

## Count II – Number of Occurrences

48. Liberty Mutual incorporates its responses to Paragraphs 1 through 47 by reference.

49. Liberty Mutual denies the allegations contained in this paragraph.

50. Liberty Mutual admits that Peter Shea testified in a deposition in the California coverage litigation on October 12, 1983. Liberty denies the characterization of his testimony in this paragraph and states that the transcripts of Mr. Shea's testimony on October 12, 1983 and on other days speak for themselves.

51. Liberty Mutual admits that Armstrong and Liberty Mutual agreed to the text of a written statement on June 19, 1985, and states that the agreement speaks for itself as to what language it contains. Liberty Mutual denies Armstrong's characterization of that agreement in this paragraph.

52. Liberty Mutual lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph, and denies the remainder of the paragraph.

53-54. Liberty Mutual admits that, during the ADR proceeding, Liberty Mutual reserved its right to assert that all asbestos-related bodily injury claims against Armstrong arise out of a single occurrence, but otherwise denies the allegations in these paragraphs.

55. The first sentence of this paragraph does not contain allegations of fact against Liberty Mutual and therefore does not require a response. To the extent that the last sentence of the paragraph states legal conclusions, no response is required. Liberty Mutual otherwise denies

the allegations in the last sentence. Liberty Mutual denies that Armstrong is entitled to the relief sought in this paragraph.

### Count III – Armstrong's Expansion Of Its Coverage Block For Non-Products Amounts

56. Liberty Mutual incorporates its responses to Paragraphs 1 through 55 by reference.

57. Liberty Mutual states that the Wellington Agreement is a written document that speaks for itself as to the language it contains generally and in Section IX thereof. With respect to the last sentence of the paragraph, Liberty Mutual admits that, prior to July 13, 2000, the coverage block for Armstrong ended on December 31, 1976 and states further that Armstrong's coverage block was not expanded on July 13, 2000.

58-59. Liberty Mutual admits that on July 13, 2000 Armstrong sent a letter to Liberty Mutual and states that the referenced letter is a written document that speaks for itself as to the language it contains.

60. Liberty Mutual admits the allegations in the first sentence of this paragraph but denies that such coverage is exhausted. The last sentence of the paragraph states legal conclusions about the effect of the Appellate Arbitration Award and therefore requires no response.

61. Liberty Mutual admits the allegations in the first sentence of this paragraph, except that Liberty Mutual denies that its July 25, 2000 letter is limited to the quoted language. Liberty Mutual admits the allegations in the remainder of this paragraph, except that it denies that its July 25, 2000 demand for arbitration under the Wellington Agreement is limited to the quoted language.

62. Liberty Mutual admits the allegations in this paragraph.

63. Liberty Mutual denies the allegations in this paragraph and states that it has previously informed Armstrong that Armstrong may not expand its coverage block only for non-products claims and exclude products and completed operations claims.

64. This paragraph does not contain allegations of fact against Liberty Mutual and therefore requires no response. Liberty Mutual denies that Armstrong is entitled to the relief sought in this paragraph.

65. The first sentence of this paragraph does not contain allegations of fact against Liberty Mutual and therefore requires no response. Liberty Mutual denies the allegations in the last sentence of the paragraph. Liberty Mutual denies that Armstrong is entitled to the relief sought in this paragraph.

**Count IV – Additional Premium For Asbestos Claims Under The 1977-1978 Policies**

66. Liberty Mutual incorporates its responses to Paragraphs 1 through 65 by reference.

67. Liberty Mutual admits the allegations in the first sentence of this paragraph. Liberty Mutual states that the retrospective rating plans referred to therein are written documents that speak for themselves. To the extent that this paragraph states legal conclusions about the effect of any of the provisions of the retrospective rating plans, no response is required.

68. Liberty Mutual admits that the 1976 policy contains an Endorsement No. 1A. Liberty Mutual states that the endorsement is a written document that speaks for itself as to the language it contains, and denies that the description of Endorsement No. 1A in this paragraph is complete. To the extent that this paragraph states legal conclusions about the effect of any of the provisions of the endorsement, no response is required.

69. Liberty Mutual admits that the 1977 and 1978 policies each contain an Endorsement No. 1A. Liberty Mutual states that each endorsement is a written document that speaks for itself as to the language it contains, and denies that the description of Endorsement No. 1A in this paragraph is complete. To the extent that this paragraph states legal conclusions about the effect of any of the provisions of the endorsement, no response is required.

70. Liberty Mutual admits the 1976, 1977 and 1978 policies each contain an Endorsement No. 1A, and further states that each endorsement speaks for itself as to the language it contains. To the extent that this paragraph states legal conclusions about the effect of any of the provisions of the endorsements, no response is required.

71. Liberty Mutual denies the allegations in this paragraph.

72. This paragraph does not contain allegations of fact against Liberty Mutual and therefore requires no response. Liberty Mutual denies that Armstrong is entitled to the relief sought in this paragraph.

### Count V – Additional Premium For Asbestos Claims
### Under The 1977-1981 Policies

73. Liberty Mutual incorporates its responses to Paragraphs 1 through 72 by reference.

74. Liberty Mutual admits the 1979 and 1980 policies each contain an Endorsement No. 1A, and further states that each endorsement speaks for itself as to the language it contains. To the extent that this paragraph states legal conclusions about the effect of any of the provisions of the endorsements, no response is required.

75. Liberty Mutual denies the allegations in this paragraph.

76. Liberty Mutual admits that the 1981 policy contains an Endorsement No. 1A, and further states that the endorsement speaks for itself as to the language it contains. To the extent

that this paragraph states legal conclusions about the effect of any of the provisions of the endorsement, no response is required.

77. Liberty Mutual admits the allegations in the first sentence of this paragraph, but denies the allegations in the last sentence of the paragraph.

78. This paragraph does not contain allegations of fact against Liberty Mutual and therefore requires no response. Liberty Mutual denies that Armstrong is entitled to the relief sought in this paragraph.

79. Liberty Mutual admits that it does not agree with Armstrong's position on these issues and that there is therefore a dispute about these matters, but denies that Armstrong has previously informed Liberty Mutual about all of these positions.

### Count VI – Declaration of Additional Rights Under the 1977-1981 Policies

80. Liberty Mutual incorporates its responses to Paragraphs 1 through 79 by reference.

81. This paragraph does not contain allegations of fact against Liberty Mutual and therefore does not require a response. In any event, Liberty Mutual admits that Armstrong seeks a declaration of rights under the 1977-1981 policies, but denies that Armstrong is entitled under those policies to any non-products coverage for asbestos bodily injury claims arising from the installation of asbestos insulation or products by Armstrong or its subsidiaries completed before the issuance of those policies, or that Armstrong is otherwise entitled to any of the declarations it seeks in its First Amended Complaint.

### Count VII – Damages Under the 1977 Policy

82. Liberty Mutual incorporates its responses to Paragraphs 1 through 81 by reference.

83-84. To the extent that these paragraphs state legal conclusions, no response is required. Liberty Mutual otherwise denies the allegations in these paragraphs.

### First Affirmative Defense

Armstrong is estopped by its own conduct from asserting claims against Liberty Mutual.

### Second Affirmative Defense

Armstrong's claims are barred by the doctrine of laches.

### Third Affirmative Defense

Armstrong's claims are barred by the statute of limitations.

### Fourth Affirmative Defense

Armstrong has waived its claims against Liberty Mutual.

### Fifth Affirmative Defense

Armstrong's claims are barred by the doctrine of accord and satisfaction.

### Sixth Affirmative Defense

To the extent that claims in Counts II through VII are subject to arbitration or alternative dispute resolution, Armstrong has failed to exhaust the required procedures.

### Seventh Affirmative Defense

Count IV is barred by failure of consideration.

### Eighth Affirmative Defense

Armstrong's claims are barred to the extent that it has failed to satisfy conditions precedent under the Liberty Mutual policies.

### Ninth Affirmative Defense

Armstrong's claims are barred to the extent that it has violated terms and conditions of the policies.

### Tenth Affirmative Defense

Armstrong's claim for damages regarding the 1977 policy is barred to the extent that no payment has yet been required of Liberty Mutual under those policies.

### Eleventh Affirmative Defense

Armstrong's claims under the 1977-1981 policies are barred to the extent Armstrong seeks coverage under those policies for any underlying claims settled prior to the date those policies are added to Armstrong's coverage block.

### Twelfth Affirmative Defense

Armstrong's claim for coverage under the 1977 policy is barred to the extent that Armstrong has sought to add that policy to its coverage block upon exhaustion of its pre-date non-products coverage and such exhaustion has not occurred.

### Thirteenth Affirmative Defense

Armstrong's claims for coverage under the 1977-1981 policies are barred to the extent that they are inconsistent with or violate the terms of the June 1985 Agreement between Armstrong and Liberty Mutual.

### Fourteenth Affirmative Defense

Armstrong's claims are barred to the extent that they are inconsistent with, contrary to, or barred by the terms of the Wellington Agreement.

### Fifteenth Affirmative Defense

Armstrong's claims are subject to all applicable terms, limits, conditions, and exclusions of the policies.

### Sixteenth Affirmative Defense

Armstrong's claim for coverage under the 1977-1981 policies must be reduced by the applicable coverage of policies issued by insurers who have entered into settlements with Armstrong concerning coverage for asbestos bodily injury claims.

### Seventeenth Affirmative Defense

Liberty Mutual reserves its right to raise additional defenses.

WHEREFORE, Liberty Mutual respectfully requests that the Court enter judgment:

    A.    Denying Armstrong the relief sought in its First Amended Complaint; and

    B.    Awarding Liberty Mutual its costs, expenses, and fees (including attorneys' fees) incurred in connection with this case.

## JURY DEMAND

Liberty Mutual demands a trial by jury on all issues so triable in the complaint.

Respectfully submitted,

LIBERTY MUTUAL INSURANCE COMPANY

By its attorneys,

Dated: June 18, 2004

_____
Edward F. Mannino
Jason A. Snyderman
Attorney Nos: 04504 and 80239
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
(215) 965-1200

and

A. Hugh Scott
John A. Nadas
Gregg Shapiro
Choate, Hall & Stewart
53 State Street
Boston, MA 02109
(617) 248-5000

and

Gerald V. Weigle, Jr.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8251

3672937

## CERTIFICATE OF SERVICE

I, Suzanne M. Sweeney, Esquire, hereby certify that on June 18, 2004, a true and correct copy of the First Amended Answer and Jury Demand of Liberty Mutual Insurance Company were served upon the following:

### Via Hand Delivery

Howard M. Klein, Esquire
Conrad, O'Brien, Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102

and

### Via Overnight Mail

William P. Skinner, Esquire
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401


*/s/ Suzanne M. Sweeney*
Suzanne M. Sweeney