UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG WORLD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 02-4360 <br><br> Jury Trial Demanded |

**ARMSTRONG WORLD INDUSTRIES, INC.'S
ANSWER TO LIBERTY MUTUAL INSURANCE COMPANY'S COUNTERCLAIMS**

Armstrong World Industries, Inc. ("AWI") hereby responds to the Counterclaims of Defendant Liberty Mutual Insurance Company ("Liberty Mutual").

1. Paragraph 1 is Liberty Mutual's characterization of its counterclaims and no response is required.

2. AWI admits the allegations in paragraph 2.

3. AWI admits the allegations in paragraph 3.

4. AWI admits that commencing in the 1970s AWI began to incur liability for asbestos-related bodily injury claims and that a large majority of the amount that AWI has paid in connection with the defense and settlement of such claims – in excess of 70 percent – is attributable to alleged exposure to asbestos fibers released when AWI was installing asbestos-containing pipe and boiler insulation manufactured by other companies during the period from approximately 1939 to 1958, or when ACandS, Inc., a former subsidiary of AWI that was at that

time known as Armstrong Contracting and Supply Corporation, was installing asbestos-containing pipe and boiler insulation during the period from approximately 1958 to 1969. A small percentage of the claims is based on alleged exposure to asbestos released from pipe and boiler insulation sold by AWI to third parties for installation by them (AWI installed more than 90 percent of the insulation that it sold), or on alleged exposure to asbestos released from non-insulation products manufactured and sold but not installed by AWI. AWI denies the remainder of the allegations in paragraph 4.

5.  AWI admits that Liberty Mutual issued comprehensive general liability insurance policies to AWI with annual policy periods for the calendar years from 1973 through 1981 (the "Liberty Mutual Policies") that include coverage for asbestos-related bodily injury claims. AWI further admits that Liberty Mutual defended and paid certain of the asbestos-related bodily injury claims against AWI. AWI denies the remainder of the allegations in paragraph 5.

6.  AWI admits that in June 1985, AWI and Liberty Mutual became parties, along with other defendants in asbestos-related bodily injury claims including other Liberty Mutual policyholders, and some, but not all, of their insurers, to the Agreement Concerning Asbestos-Related Claims, which is commonly referred to as the "Wellington Agreement." AWI admits that from sometime in 1985 to sometime in 1988, asbestos-related bodily injury claims against AWI, among others, were handled by the Asbestos Claims Facility pursuant to the Wellington Agreement, and from sometime in 1988 to sometime in 2001, asbestos-related bodily injury claims against AWI, among others, were handled by the Center for Claims Resolution. AWI admits that prior to June 1997, substantially all of AWI's liability and defense costs for asbestos-related bodily injury claims were paid by insurance policies within AWI's "coverage block,"

which included Liberty Mutual Policies for policy periods from 1973 through 1976. AWI denies the remainder of the allegations in paragraph 6.

7.  AWI admits that on July 13, 2000, it sent a letter to Liberty Mutual, states that the letter is a written document that speaks for itself, and refers to that document for its complete terms. AWI denies the remainder of the allegations of the first sentence of paragraph 7. The second sentence of paragraph 7 contains no factual allegations to which a response is required.

8.  AWI admits the allegations in the first clause of the sentence contained in paragraph 8. The second clause of this sentence is Liberty Mutual's characterization of its counterclaim and no response is required.

### Count I: For A Declaration That Claims Arising From Installation Operations Completed Before The Period Of The Policies Are "Completed Operations" Claims

9.  AWI incorporates its responses to paragraphs 1 through 8 as though set forth fully herein.

10.  AWI states that the Policies (as defined in paragraph 7 of Liberty Mutual's Counterclaims ("Policies")) are written documents and refers to those documents for their complete terms. AWI further states that the terms of the Policies speak for themselves and therefore no answer is required regarding the allegations in paragraph 10.

11.  AWI admits that the parties often have used the phrase "non-products claims" to refer to bodily injury claims that are not within the products or completed operations hazards contained in the Policies. AWI admits that the aggregate limits of the Policies do not apply to non-products claims. AWI also admits that such claims are subject to per occurrence limits in the Policies. As AWI has alleged in Paragraphs 49-55 of its First Amended Complaint, Liberty Mutual has consistently taken the position, and has agreed in writing with AWI, that each

3

asbestos-related claim on behalf of each individual person is a separate occurrence, and Liberty Mutual has acted accordingly.

12.  AWI admits that it asserts that a large majority – in excess of 70 percent – of the asbestos-related bodily injury claims against AWI were and are non-products claims (which are not subject to aggregate limits of liability) under the Policies because the claims are the result of exposure to asbestos fibers released when AWI was installing asbestos-containing pipe and boiler insulation during the period from approximately 1939 to 1958, or when its former subsidiary, ACandS, Inc. was installing asbestos-containing pipe and boiler insulation during the period from approximately 1958 to 1969. AWI denies the remainder of the allegations in paragraph 12.

13.  AWI denies the allegations in paragraph 13. The language of the Policies and insurance industry custom and practice, among other things, demonstrate that asbestos-related bodily injury claims that are the result of exposure to asbestos released when AWI or its former subsidiary were installing asbestos-containing products are non-products claims.

14.  AWI denies that the allegations in paragraph 14 accurately or fully describe its contentions and refers to AWI's First Amended Complaint for a more complete and accurate statement of those contentions. AWI admits that an actual and justiciable controversy exists between the parties over the proper classification of claims as non-products claims. AWI denies the remainder of the allegations in paragraph 14.

15.  AWI denies that Liberty Mutual is entitled to the relief set forth in paragraph 15.

## Count II: For A Declaration That The Statute Of Limitations Bars Suit By Armstrong For Non-Products Coverage Under The Policies

16. AWI incorporates its responses to paragraphs 1 through 15 as though set forth fully herein.

17. AWI admits the allegations in paragraph 17.

18. AWI denies the allegations in paragraph 18.

19. AWI denies that its products coverage was being exhausted in 1984, but admits that in 1984 it began to raise with its insurers the issue of whether some of its asbestos-related bodily injury claims should be classified as non-products claims. AWI denies the remainder of the allegations in paragraph 19.

20. AWI admits the allegations in paragraph 20.

21. AWI admits that by the end of 1986 Liberty Mutual stopped paying claims under policies Liberty Mutual issued for policy periods from 1973 through 1976 based on Liberty Mutual's assertion that it had exhausted the products/completed operation aggregate limits, subject to a 1986 agreement between the parties that they would jointly "determine the amount of claim payments, if any, on any non-products liability, non-completed operations cases," and on the basis of that determination, would recalculate the remaining products/completed operations aggregate limits of these policies. AWI denies the remainder of the allegations in paragraph 21.

22. AWI admits that by sometime in 1987, it became clear that a global, common approach to the classification of asbestos-related bodily injury claims as non-products versus products claims for all Asbestos Claims Facility members had not been achieved, but denies the remainder of the allegations in paragraph 22.

5

23.     AWI admits that on April 23, 1996, AWI commenced an alternative dispute resolution ("ADR") proceeding under the Wellington Agreement against Liberty Mutual and certain other insurers for the purpose of resolving certain disputes about coverage for products and non-products asbestos-related bodily injury claims, and that AWI prevailed on substantially all of its claims in the trial phase of the ADR proceeding. Armstrong further admits that an Appellate Arbitration Award ruled in Liberty Mutual's favor on grounds that AWI's claims under the Liberty Mutual Policies for policy periods from January 1, 1973 to January 1, 1977 were barred by the statute of limitations. AWI has filed a motion to vacate the Appellate Arbitration Award, which is still pending. AWI denies the remainder of the allegations in paragraph 23.

24.     AWI admits that AWI filed its original complaint in this case in 2002. AWI denies that the allegations in paragraph 24 accurately or fully describe its contentions in this case and refers to its First Amended Complaint for a more complete and accurate statement of its contentions. AWI denies the remainder of the allegations in paragraph 24.

25.     AWI denies the allegations in paragraph 25.

26.     AWI admits that it contends that none of its claims for non-products coverage under any Liberty Mutual Policies is barred by any applicable statute of limitations. AWI further admits that there is an actual and justiciable controversy between the parties as to the applicability of any statute of limitations relating to this litigation. AWI denies that the allegations in paragraph 26 accurately or fully describe its contentions in this case and refers to the First Amended Complaint for a more complete and accurate statement of its contentions. AWI denies the remainder of the allegations in paragraph 26.

27.     AWI denies that Liberty Mutual is entitled to the relief described in paragraph 27.

### Count III: For A Declaration That All Asbestos Bodily Injury Claims Constitute A Single Occurrence Under The Policies

28.     AWI incorporates its responses to paragraphs 1 through 27 as though set forth fully herein.

29.     AWI states that the Policies are written documents and refers to those documents for their complete terms. AWI further states that the terms of the Policies speak for themselves and therefore no answer is required regarding the policy language. AWI denies the remainder of the allegations in paragraph 29.

30.     AWI denies the allegations in paragraph 30.

31.     AWI denies the allegations in paragraph 31.

32.     AWI denies that the allegations in paragraph 32 accurately or fully describe its contentions in this case and refers to the First Amended Complaint for a more complete and accurate statement of those contentions. AWI admits that there is an actual and justiciable controversy between the parties as to the number of occurrences. AWI denies the remainder of the allegations in paragraph 32.

33.     AWI denies that Liberty Mutual is entitled to the relief described in paragraph 33.

### Count IV: For A Declaration That The "Asbestos Deductible Endorsement" In The Policies Must Be Reformed To Apply To All Asbestos Bodily Injury Claims Or, Alternatively, That The Policies Must Be Rescinded

34.     AWI incorporates its responses to paragraphs 1 through 33 as though set forth fully herein.

35.     AWI admits that Liberty Mutual issued its first comprehensive general liability insurance policy to AWI for the policy period from January 1, 1973 to January 1, 1974. AWI denies the remainder of the allegations in paragraph 35.

36. AWI admits that certain Liberty Mutual Policies, beginning with the Policy issued for the 1977 calendar year, contain deductibles and aggregate limits. AWI further states that the alleged deductibles and aggregate limits apply solely and expressly to products and completed operations claims. AWI denies the remainder of the allegations in paragraph 36.

37. AWI denies the allegations in paragraph 37.

38. AWI admits that the asbestos deductible endorsement was written to apply only to asbestos-related products and completed operations claims. AWI denies the remainder of the allegations in paragraph 38.

39. AWI admits that in 1984 it first understood that non-products coverage was available for certain of its asbestos-related bodily injury claims and that counsel for AWI stated in an opening statement during the trial phase of the ADR proceeding that "the light bulb went on" at that time. AWI also admits that in 1985 its counsel informed Liberty Mutual that AWI had not conducted a study of the claims for the purpose of classifying them, but that it had made a "rough" and "informal" estimate that approximately 7% of its past asbestos-related bodily injury claims were non-products claims. AWI further states that Liberty Mutual did not rely on this estimate, that any such reliance would not have been reasonable, and that Liberty Mutual was not prejudiced by the estimate. AWI admits that it concluded, after conducting a study, that a substantial majority of the claims were non-products claims, which are not subject to the deductibles in the Policies. AWI further admits that if its position (which, on information and belief, is denied by Liberty Mutual) is adopted by this Court, a substantial portion of the pending and future asbestos-related bodily injury claims against AWI to the extent otherwise covered by the Policies will be classified as non-products claims and will fall outside the language of the asbestos deductible endorsement. AWI denies the remainder of the allegations in paragraph 39.

40. AWI denies the allegations in paragraph 40.

41. AWI denies the allegations in paragraph 41.

42. AWI denies that the allegations in paragraph 42 accurately or fully describe its contentions in this case and refers to its First Amended Complaint for a more complete and accurate statement of its contentions. AWI admits that there is an actual and justiciable controversy between the parties concerning Liberty Mutual's reformation and rescission defenses. AWI denies the remainder of the allegations in paragraph 42.

43. AWI denies that Liberty Mutual is entitled to the relief described in paragraph 43.

### Count V: For A Declaration That Armstrong Is Estopped From Asserting That More Than 7% Of The Claims Against It Are Non-Products Claims

44. AWI incorporates its responses to paragraphs 1 through 43 as though set forth fully herein.

45. AWI denies the allegations in paragraph 45.

46. AWI denies the allegations in paragraph 46.

47. AWI admits the first sentence of paragraph 47 and that the Wellington Agreement was a compromise settlement. AWI denies the remainder of the allegations in paragraph 47.

48. AWI denies the allegations in paragraph 48.

49. AWI admits that AWI initially informed Liberty Mutual that it had made a "rough" and "informal" estimate that 1,000 out of 25,000 past claims against AWI were non-products claims; that AWI subsequently informed Liberty Mutual of its similarly "rough" estimate that approximately 7% of past claims were non-products claims; and that AWI assented to the memorandum referenced in the last sentence of paragraph 49, subject to modifications

contemporaneously agreed to by the parties and reflected in subsequent correspondence. AWI denies the remainder of the allegations in paragraph 49.

50. AWI denies the allegations in paragraph 50.

51. AWI admits that Liberty Mutual tendered a $750,000 check to AWI, accompanying a letter dated November 1, 1985, but denies Liberty Mutual's characterization of the contents of that letter and refers to the letter for its complete contents. AWI admits that AWI accepted and cashed the check, subject to a letter dated November 15, 1985, accompanied by a signed memorandum dated November 12, 1985. AWI denies the remainder of the allegations in paragraph 51.

52. AWI denies the allegations in paragraph 52.

53. AWI admits the allegations in paragraph 53.

54. AWI denies that Liberty Mutual is entitled to the relief described in paragraph 54.

### Count VI: For A Declaration That Certain Types Of Asbestos Bodily Injury Claims Against Armstrong Are Not Covered Under The Policies, Or Are Covered Only To A Limited Extent

55. AWI incorporates its responses to paragraphs 1 through 54 as though set forth fully herein.

56. AWI admits that it sought and obtained insurance coverage for liability and defense costs it incurred in connection with asbestos-related bodily injury claims. AWI denies the remainder of the allegations in paragraph 56.

57. Paragraph 57 asserts a conclusion of law as to which no response is required. To the extent factual matters are alleged, AWI denies the allegations in paragraph 57.

58. AWI denies that paragraph 58 is an accurate statement of its position. AWI admits that an actual and justiciable controversy exists between the parties regarding the extent

10

of Liberty Mutual's obligations to provide non-products coverage under the Policies. AWI denies the remainder of the allegations in paragraph 58.

59. Paragraph 59 asserts a conclusion of law as to which no response is required. To the extent factual matters are alleged, AWI denies the allegations in paragraph 59, and incorporates by reference its response to paragraph 56 as though set forth herein.

60. AWI admits:

(a) that AWI, Liberty Mutual, and numerous other signatory insurers and policyholders to the Wellington Agreement collectively authorized the Asbestos Claims Facility to determine what claims should be settled and paid;

(b) that AWI, certain other Wellington signatory policyholders, and certain Wellington signatory insurers (including Liberty Mutual) authorized the Center for Claims Resolution to determine what claims should be settled and paid; and

(c) that an actual and justiciable controversy exists between the parties regarding the extent of Liberty Mutual's obligations to provide non-products coverage under the Policies.

AWI denies the remainder of the allegations in paragraph 60.

61. AWI denies that Liberty Mutual is entitled to the relief described in paragraph 61.

**Count VII: For A Declaration That Armstrong May
Not Expand Its Wellington Coverage Block
To Apply Solely To Non-Products Claims**

62. AWI incorporates its responses to paragraphs 1 through 61 as though set forth fully herein.

63. AWI admits that on July 13, 2000, it sent a letter to Liberty Mutual, states that the letter is a written document that speaks for itself, and refers to that document for its complete terms. AWI denies the remainder of the allegations in paragraph 63.

64. AWI admits that the Policies provide coverage for both products claims and non-products claims. AWI denies the remainder of the allegations in paragraph 64.

65. AWI denies the allegations in paragraph 65 and refers to the Wellington Agreement for its complete contents.

66. AWI denies that the allegations in paragraph 66 accurately or fully describe its contentions and refers to AWI's First Amended Complaint for a complete and accurate statement of those contentions. AWI admits that an actual and justiciable controversy exists between the parties concerning AWI's addition of non-products coverage under the 1977 policy to AWI's Wellington coverage block. AWI denies the remainder of the allegations in paragraph 66.

67. AWI denies that Liberty Mutual is entitled to the relief described in paragraph 67.

68. Any allegation in Liberty Mutual's Counterclaims not specifically admitted is denied.

## AFFIRMATIVE DEFENSES

69. Liberty Mutual's counterclaims are barred, in whole or in part, by the doctrines of waiver and estoppel.

70. Count III of Liberty Mutual's counterclaim, which seeks a ruling that all asbestos-related bodily injury claims constitute a single occurrence, is barred by Liberty Mutual's prior consistent course of conduct, and by written and oral agreements between AWI and Liberty Mutual.

71. Count IV of Liberty Mutual's counterclaim, which seeks reformation of the deductibles in the Policies, is barred by the Wellington Agreement, the doctrines of waiver and estoppel, and Liberty Mutual's repeated ratification of the Policies after it first became aware

that there was an issue about whether, and if so to what extent, asbestos-related bodily injury claims against AWI should be classified as non-products claims.

72. Count VI of Liberty Mutual's counterclaim is precluded, in whole or in part, by Liberty Mutual's wrongful denial of coverage for asbestos-related bodily injury claims. AWI had both the right and the obligation to resolve its liability for such claims through the chapter 11 process and did so in a manner that was reasonable under all of the circumstances then prevailing.

73. Count VII of Liberty Mutual's counterclaim is precluded, in whole or in part, because Liberty Mutual did not promptly explain the basis for its objection to the manner in which Armstrong had exercised its right to expand its coverage block. Armstrong was prejudiced by the delay because it was deprived of the opportunity to consider Liberty Mutual's objection and to change the manner in which it expanded its coverage block. In Paragraph 64 of its First Amended Complaint, AWI has pleaded alternative methods of expanding its coverage block. Whichever method is ultimately determined to be the proper method should be deemed to be effective as of July 13, 2000.

74. AWI reserves the right to raise additional defenses.

March 16, 2007

/s/ Howard M. Klein
Howard M. Klein
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, Sixteenth Floor
Philadelphia, PA 19102-1916
215-864-9600

William P. Skinner
S. William Livingston
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
202-662-5470

Attorneys for Armstrong World Industries, Inc.

## CERTIFICATE OF SERVICE

    I, Howard M. Klein, hereby certify that on March 16, 2007, I caused a copy of the foregoing Armstrong World Industries, Inc.'s Answer to Liberty Mutual Insurance Company's Counterclaims to be electronically filed and that the pleading was also served by regular mail upon the following:

        Edward F. Mannino, Esquire
        Akin Gump Strauss Hauer & Feld, LLP
        One Commerce Square
        2005 Market Street
        Suite 2200
        Philadelphia, PA 19103

        A. Hugh Scott, Esquire
        Choate Hall & Stewart
        Two International Place
        Boston, MA 02110

        Gerald V. Weigle, Jr., Esquire
        Dinsmore & Schohl
        1900 Chemed Center
        255 E. Fifth Street
        Cincinnati, Ohio 45202

        John E. Heintz, Esquire
        Gilbert Heintz & Randolph LLP
        1100 New York Avenue, N.W.
        Suite 700
        Washington, DC 20005

        Stephen A. Madva, Esquire
        Montgomery McCracken, Walker & Rhoads, LLP
        123 South Broad Street
        Philadelphia, PA 19109


        /s/ Howard M. Klein
        Howard M. Klein