UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG WORLD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 02 4360 <br><br> **FILED** <br> MAY - 1 2007 <br> MICHAEL E. KUNZ, Clerk <br> By_____ Dep. Clerk |

## STIPULATION AND ORDER REGARDING SUBSTITUTION OF PARTY

Whereas Armstrong World Industries, Inc. ("Armstrong"), the plaintiff in this action, filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware on December 6, 2000; and

Whereas Armstrong and Liberty Mutual Insurance Company ("Liberty Mutual"), the defendant in this action, are signatories to that certain Stipulation and Order dated as of August 29, 2003 (the "2003 Stipulation and Order"), which was entered by the Court in this action on October 10, 2003; and

Whereas the United States District Court for the District of Delaware entered an order confirming Armstrong's Fourth Amended Plan of Reorganization as modified (the "Plan") on August 18, 2006 (the "Confirmation Order"), the Confirmation Order is now final, and the Plan became effective on October 2, 2006; and

Whereas the Plan and the Confirmation Order provide for the transfer of the Asbestos PI Insurance Asset (as defined in the Plan) (including certain rights with respect to the Liberty Mutual policies at issue in this action) to the Armstrong World Industries, Inc. Asbestos Personal

1

2176057v2

Injury Settlement Trust (the "Trust"), and the assumption by the Trust of liability and responsibility for Asbestos Personal Injury Claims (as defined in the Plan) and for certain obligations regarding the Asbestos PI Insurance Asset (as specified in the Plan); and

Whereas in the 2003 Stipulation and Order, Liberty Mutual consented to the aforesaid transfer and reserved the right to litigate any coverage disputes between Armstrong and Liberty in a non-bankruptcy forum; and

Whereas Armstrong executed the Transfer of Asbestos PI Insurance Asset effective as of October 2, 2006; and

Whereas Armstrong and the Trust desire, pursuant to Rule 25 of the Federal Rules of Civil Procedure, that the Trust be substituted for Armstrong as the plaintiff in this case; and

Whereas Liberty Mutual does not object to the said substitution, provided that its rights are protected as set forth below;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Armstrong, the Trust, and Liberty Mutual that the Trust be substituted for Armstrong as the plaintiff in this action pursuant to Rule 25 of the Federal Rules of Civil Procedure and that, after such substitution:

1. No procedural, evidentiary, or substantive rights that Armstrong, the Trust or Liberty Mutual had in this proceeding before the substitution of the Trust for Armstrong shall be prejudiced or waived by the substitution of the Trust for Armstrong.

2. Section V of the Federal Rules of Civil Procedure (Rules 26 through 37) shall continue to apply to this case in the same manner as if Armstrong had remained a party plaintiff, and Armstrong will continue to be treated as a party within the meaning of and for purposes of those Rules.

3. Rules and statutes applicable to the production of witnesses and evidence at trial shall continue to apply to this case in the same manner as if Armstrong had remained a party plaintiff, and Armstrong will continue to be treated as a party within the meaning of and for purposes of such rules and statutes.

4. The Federal Rules of Evidence shall continue to apply to this case in the same manner as if Armstrong had remained a party plaintiff, and Armstrong will continue to be treated as a party within the meaning of and for purposes of those rules.

5. Armstrong agrees that its successors (including a person or entity that becomes a successor by asset purchase) will be bound by this Stipulation and Order to the same extent as Armstrong, and Armstrong consents to enforcement of this Stipulation and Order against Armstrong in any appropriate forum.

6. Armstrong, the Trust and Liberty Mutual acknowledge and agree that each of them is bound by the 2003 Stipulation and Order for all purposes in the same manner as if the Trust, in addition to Armstrong and Liberty Mutual, had signed the 2003 Stipulation and Order contemporaneously with Armstrong and Liberty Mutual.

7. The Trust and Liberty Mutual agree that, in the event of a motion by either of them to transfer this case to another jurisdiction on venue or jurisdictional grounds or on grounds that this Court is an inconvenient forum, each of them retains the right, in advocating or opposing such a motion, to make any arguments that either of them would have been able to make if Armstrong had remained a party plaintiff.

8. The Trust and Liberty Mutual agree that each of them retains the right, in advocating for choice of substantive law that should govern the case, to make any arguments that either of them would have been able to make if Armstrong had remained a party plaintiff.

9. Armstrong, the Trust and Liberty Mutual agree that the decisions in this case will be binding on Armstrong, the Trust and Liberty Mutual with respect to the Asbestos PI Insurance Asset in the same manner and to the same extent as if Armstrong had remained a party plaintiff in addition to the Trust. The Trust agrees that any prior or subsequent decisions regarding the Asbestos PI Insurance Asset by which Armstrong is bound will also bind the Trust in the same manner and to the same extent that Armstrong is bound.

10. Notwithstanding anything in the foregoing to the contrary, in the event of an inconsistency between the Plan, the Confirmation Order, or the 2003 Stipulation and Order, on the one hand, and this Stipulation and Order, on the other hand, the Plan, Confirmation Order, or 2003 Stipulation and Order, as the case may be, shall control; provided, however, that Paragraph 11 of the 2003 Stipulation and Order shall remain in full force and effect.

Dated: April 19, 2007

ARMSTRONG WORLD INDUSTRIES, INC.
By its counsel,

*William P. Skinner*
William P. Skinner
Covington & Burling LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
(202) 662-5470

ARMSTRONG WORLD INDUSTRIES, INC.
ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST
By its counsel,

_____
Stephen A. Madva
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

_____
Jerome C. Randolph
Richard D. Shore
Gilbert Randolph LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005
(202) 772-2200


LIBERTY MUTUAL INSURANCE
COMPANY
By its counsel,



_____
Edward F. Mannino
Jason A. Snyderman
Akin, Gump, Strauss, Hauer & Feld
2005 Market St., Suite 2200
Philadelphia, PA 19103

_____
A. Hugh Scott
Kathleen Burdette Shields
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
(617) 248-5000

5

ARMSTRONG WORLD INDUSTRIES, INC.
ASBESTOS PERSONAL INJURY
SETTLEMENT TRUST
By its counsel,

_____
Stephen A. Madva
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

_____
Jerome C. Randolph
Richard D. Shore
Gilbert Randolph LLP
1100 New York Avenue, NW
Suite 700
Washington, DC 20005
(202) 772-2200


LIBERTY MUTUAL INSURANCE
COMPANY
By its counsel,

_____
Edward F. Mannino
Jason A. Snyderman
Akin, Gump, Strauss, Hauer & Feld
2005 Market St., Suite 2200
Philadelphia, PA 19103

_____
A. Hugh Scott
Kathleen Burdette Shields
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
(617) 248-5000

5

SO ORDERED:

_____          Dated: May 1, 2007
Honorable R. Barclay Surrick
United States District Judge

*[Handwritten signatures:]*
Loyal to Howard Klein
Frank Emmerich
Kathleen Shields
H. Hugh Scott
Gregg Shapiro
John Cades
Gerald Weigle
John Heintz
Jerome Randolph
Richard Shore
H. Wm. Livingston
Wm. Sherman
Edward Mannino
Susan Snyderman
Steve Madva

5/1/07

6